*Singh v. Garland*

BIA
Golovnin, IJ
A216 579 262

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty-four.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

JAGMIT SINGH,

> *Petitioner*,

> v.

MERRICK B. GARLAND, United States
Attorney General,

> *Respondent*.

_____

No. 22-6329
NAC

**For Petitioner:**              Suraj Raj Singh, Esq., Richmond Hill, NY.

**For Respondent:**              Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kathryn McKinney, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Jagmit Singh, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *See In re Jagmit Singh*, No. A216 579 262 (B.I.A. June 27, 2022), *aff'g* No. A216 579 262 (Immigr. Ct. N.Y.C. June 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"[W]e review the decision of the IJ as supplemented by the BIA," but we only consider the grounds for the IJ's decision that the BIA reached and relied on. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao*

2

*v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that members of the Bharatiya Janata Party (the "BJP") attacked him twice and threatened him because of his political affiliation with the

Shiromani Akali Dal Amritsar Party.   Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably relied on inconsistencies between Singh's border interview[1] and hearing testimony regarding why he entered the United States and whether he feared political persecution in India.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.   Multiple inconsistencies would so preclude even more forcefully."). Contrary to Singh's contention, his testimony directly conflicted with his answers at the border interview.   He testified that he left India because his life was in danger due to his political affiliation and that he would be persecuted upon return. However, during his border interview, he stated that he entered the United States to work and make money for his family and that he had no fear of returning to India.   Singh did not compellingly explain these inconsistencies.   *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a

---

[1] We find no error in the agency's conclusion that the record of this interview was sufficiently reliable because the report provided an apparently verbatim account of questions and answers, the officer's questions were designed to directly elicit the details of Singh's asylum claim, Singh answered every question, he conceded that some accurate information was documented, and he confirmed at the interview that the information was correct.   *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180 (2d Cir. 2004).

plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably relied on inconsistencies between Singh's credible fear interview[2] and his testimony, including when the BJP first attacked him, how long he spent in the hospital after the first attack, and who reported the attacks to the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

First, Singh testified that the BJP's initial attack occurred on October 22, 2016, but at his credible fear interview, he said it occurred on September 22, 2016. The agency reasonably relied on this inconsistency because Singh gave precise dates, and it related to one of only two incidents of physical harm. *See Singh v. Garland*, 6 F.4th 418, 431 (2d Cir. 2021) ("The more serious the inconsistency – *i.e.*, the greater the importance of the fact upon which inconsistency is found for the success of the petition and the more likely it is that a truthful account would not have included the inconsistency – the more substantial that evidence is in casting

---

[2] The record of Singh's credible fear interview "bears sufficient indicia of reliability to warrant its consideration by the agency": it was memorialized in a typewritten list of questions and answers, it was conducted with the aid of an interpreter, and Singh's answers were responsive, thus indicating he had no difficulty understanding the interpreter. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

doubt on the petitioner's credibility."). The agency was also not required to credit Singh's allegation of interpreter error. *See Majidi*, 430 F.3d at 80.

Second, Singh testified that he was hospitalized for eight days after the first attack, but at his credible fear interview, he stated that he was hospitalized for a month and a half. Singh's explanation that he thought he was being asked about how long he was under medical treatment, not hospitalization, was not presented to the agency, and is not compelling as the interview record reflects that he said that he was "hospitalized" for the longer period. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) (considering an applicant's argument meritless when "there [was] no basis in the present record" and the argument was based only on "unsupported assertions in [his] brief"). Additionally, while Singh's medical documents are consistent with his testimony that he was hospitalized for eight days, they do not explain why he made inconsistent statements at the credible fear interview. *See Majidi*, 430 F.3d at 80.

Third, Singh testified that his father and several villagers reported the first attack to the police and that his father and brother reported the second attack. However, during his credible fear interview, Singh stated that he alone reported the second attack to the police. Additionally, his testimony and credible fear

6

interview conflict with statements made in his family's affidavits. With respect to the first attack, Singh's brother, Jaspreet, stated that Jaspreet, their father, and some villagers reported the attack, while Singh's sister and mother stated that Singh's father and some villagers, but *not* Jaspreet, reported that attack. With respect to the second attack, Singh's father stated that only he reported the second attack, thus contradicting Singh's testimony that both his father *and* his brother reported the second attack. Singh's explanation during his hearing was unclear and again did not resolve the inconsistencies. *See Majidi*, 430 F.3d at 80. He now argues that the line of questioning was confusing, but even crediting this new explanation, it does not resolve the inconsistencies in the supporting documents.

Having questioned Singh's credibility, the agency also reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). And "[a]n applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The affidavits submitted were

7

not drafted in or translated from their native language, the authors were not available for cross-examination, and Singh's sister's and mother's affidavits used nearly identical language. *See Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[We have] firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"). And, as discussed above, even though Singh presented medical records, they do not resolve the inconsistency between his testimony and his credible fear interview. *See Majidi*, 430 F.3d at 80.

The inconsistencies and lack of reliable corroboration provide substantial evidence for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under . . . CAT, an adverse credibility determination forecloses all three forms of relief.").

\* \* \*

For the foregoing reasons, the petition for review is **DENIED**.   All pending

motions and applications are **DENIED** and stays **VACATED**.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court